UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FATMIR ISLAMI AND** | § | |
| **TRINGA KRASNIQI-ISLAMI,** | § | |
| *Plaintiffs*, | § | CIVIL ACTION NO: 1:23-cv-01310-RP |
| v. | § | |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | JURY DEMANDED |
| **INSURANCE COMPANY,** | § | |
| *Defendant*. | § | |

### DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Allstate Vehicle and Property Insurance Company ("Allstate" or "Defendant") files its First Amended Answer to Plaintiffs' Original Petition and shows:

### I.   ANSWER TO PLAINTIFFS' ORIGINAL PETITION

**Denials as to Plaintiffs' Original Petition**

1.   Paragraph 1 of Plaintiffs' Original Petition is a state court procedural rule that requires no response by Defendant.  If a response is required, Defendant denies the material allegations of Paragraph 1 of Plaintiff's Original Petition.

2.   To the extent Defendant is required to respond to Paragraph 2, Defendant admits that the information contained therein is likely correct.

3.   Defendant admits the material allegations in Paragraph 3.

4.   Paragraph 4 is a legal conclusion that requires no response from Defendant.  If a response is required, Defendant denies the material allegations of Paragraph 4.

5.   Defendant denies the material allegations in Paragraph 5.

6. Paragraph 6 is a procedural rule under Texas law which requires no response. If a response is required, Defendant admits that this Court has jurisdiction of this controversy, but denies any other material allegations in Paragraph 6.

7. With respect to Paragraph 7, Defendant admits that venue is proper in the Austin Division of the Western District of Texas.

8. With respect to Paragraph 8, Defendant admits that these Plaintiffs were named insureds under a policy issued by Defendant. Defendant is without sufficient information to state whether Plaintiffs had an insurable interest in the Property otherwise.

9. With respect to Paragraph 9, Defendant denies that Plaintiffs suffered damages to the extent claimed. Defendant admits that Plaintiffs engaged a public adjuster. Defendant denies the remaining allegations in Paragraph 9.

10. In response to Paragraph 10, Defendant admits that the public adjuster estimated the loss at $58,184.75, but denies that this was a valid estimate.

11. Defendant denies the material allegations contained in Paragraph 11.

12. Defendant denies the material allegations contained in Paragraph 12.

13. Defendant denies the material allegations contained in Paragraph 13.

14. Defendant denies the material allegations contained in Paragraph 14.

15. Defendant is without sufficient information to state whether Plaintiff felt it necessary to retain counsel. Defendant denies the remaining allegations in Paragraph 15.

16. Paragraph 16 does not require a response but if one is required, Defendant denies the material allegations in Paragraph 16.

17. Defendant denies the material allegations contained in Paragraph 17.

18. Defendant denies the material allegations contained in Paragraph 18.

19. Paragraph 19 does not require a response, but if one is required, Defendant denies the material allegations in Paragraph 19.

20. Defendant denies the material allegations contained in Paragraph 20.

21. Paragraph 21 does not require a response, but if one is required, Defendant denies the material allegations in Paragraph 21.

22. Paragraph 22 is simply a recitation on the law, and requires no response.

23. Defendant denies the material allegations contained in Paragraph 23.

24. Paragraph 24 is simply a recitation on the law, but if Plaintiffs are suggesting that Defendant violated same, then Defendant denies the material allegations in Paragraph 24.

25. Paragraph 25 requires no response, but if one is required, Defendant denies the material allegations in Paragraph 25.

26. Paragraph 26 is simply a recitation on the law, but if Plaintiffs are suggesting that Defendant violated same, then Defendant denies the material allegations in Paragraph 26.

27. Paragraph 27 requires no response, but if one is required, Defendant denies the material allegations in Paragraph 27.

28. Paragraph 28 is a recitation on the law, and requires no response, but if Plaintiffs are suggesting that Defendant violated same, then Defendant denies the material allegations in Paragraph 28.

29. Paragraph 29 is a recitation on the law requiring no response.

30. Paragraph 30 is a recitation on the law requiring no response.

31. Defendant denies the material allegations in the unnumbered Prayer, and states that Plaintiffs should receive nothing from this case.

32. Defendant specifically denies Plaintiffs have complied with all conditions precedent to coverage under the insurance policy contract pursuant to which the insurance claim made the basis of this action has been presented. Plaintiffs have failed to provide prompt written notice of the claim, failed to establish entitlement to any disputed proceeds under the policy in question, failed to present and prove a covered claim under the policy issued by Defendant to Plaintiffs in excess of any amounts previously estimated or paid by Defendant, have failed to segregate covered from non-covered damages, and failed to provide any evidence of covered damages occurring during the policy period and caused by the loss beyond the amounts estimated or paid by Defendant.

33. Defendant specifically denies Plaintiffs have complied with all other conditions precedent to bringing this cause of action, including failure to submit a compliant notice and demand letter mandated as a prerequisite to the right to invoke and file suit under TEXAS INSURANCE CODE Chapter 541 and under the Deceptive Trade Practices-Consumer Protection Act, as well as failure to submit written notice of a claim under TEXAS INSURANCE CODE Chapter 542.[1]

34. Defendant specifically denies that it failed to perform any contractual obligations under any insurance policy it issued to Plaintiffs.

35. Defendant specifically denies that it violated any provisions of the TEXAS INSURANCE CODE or DTPA as alleged by Plaintiffs, that Plaintiffs incurred any damages independent of the insurance policy benefits as the proximate result of any such alleged omission or violation, and that any of its alleged actions or omissions, or actions performed by others on its behalf, concerning Plaintiffs' claim were done recklessly, knowingly, intentionally, or in bad faith.

36. Defendant specifically denies the property conditions and damages Plaintiffs submitted to Defendant and for which Plaintiffs seek insurance benefits are losses covered under the

---

[1] TEX. INS. CODE ANN. § 541.154; TEX. BUS. & COMM. CODE §17.505(a); TEX. INS. CODE ANN. § 542.051.

insurance policy made the basis of this suit. In fact, they are the result of causes which do not fall within the scope of the policy's insuring agreement or are otherwise excluded from coverage under the policy or occurred or commenced occurring prior to the inception of the policy.

37. **Defendant Complied With All Conditions Precedent**. Defendant affirmatively states it satisfied all contractual obligations to Plaintiffs and has properly complied with the policy terms, conditions, duties, and limitations of coverage. Defendant specifically denies that it breached any terms or conditions of the policy contract with Plaintiffs.

38. **Failure of Policy Conditions Precedent.** Plaintiffs failed to comply with all conditions precedent to coverage under the insurance policy contract pursuant to which the insurance claim made the basis of this action has been presented. Plaintiffs have failed to provide prompt written notice of the claim, failed to establish entitlement to any disputed proceeds under the policy in question, failed to present and prove a covered claim under the policy issued by Defendant to Plaintiffs in excess of any amounts previously estimated or paid by Defendant, have failed to segregate covered from non-covered damages, and failed to provide any evidence of covered damages occurring during the policy period caused by the loss beyond the amounts estimated or paid by Defendant.

39. **Failure of Legal Conditions Precedent**. Plaintiffs have also failed to comply with all conditions precedent to bringing this cause of action, including failure to submit a compliant notice and demand letter mandated as a prerequisite to the right to invoke and file suit under TEXAS INSURANCE CODE Chapter 541 and under the Deceptive Trade Practices-Consumer Protection Act, and failure to submit written notice of a claim in compliance with TEXAS INSURANCE CODE Chapter 542.[2]

---

[2] TEX. INS. CODE ANN. § 541.154; TEX. BUS. & COMM. CODE §17.505(a); TEX. INS. CODE ANN. § 542.051.

40. **Policy Terms Preclude or Limit Coverage**. The insurance policy contract pursuant to which the insurance claim made the basis of this action has been presented provides exclusions, limitations, conditions, duties, terms, and provisions which preclude, in whole or in part, Plaintiffs' recovery in this action, and Defendant Allstate will rely upon these exclusions, limitations, conditions, duties, terms and provisions in the defense of the claims asserted against Defendant. Plaintiffs' alleged property damages are either not covered by the terms of the applicable policy or are otherwise excluded from coverage.

41. **Lack of Coverage Precludes Extra-Contractual Liability.** The existence of coverage for the underlying insurance claim is mandatory to establish the basis of Plaintiffs' claims for common-law "bad faith" and violations of the Texas Deceptive Trade Practice – Consumer Protection Act[3] and the Texas Unfair Claim Settlement Practices Act.[4] Because Plaintiffs' allegations are generally based upon Defendant's alleged failure to pay policy benefits, the absence of liability for Plaintiffs' underlying insurance claim precludes Plaintiffs' extra-contractual claims against Defendant arising out of those allegations.[5]

42. **Liability Not "Reasonably Clear."** As to Plaintiffs' extra-contractual claims alleging bad faith, a *bona fide* controversy existed and continues to exist concerning Plaintiff's' entitlement, if any, to insurance benefits from Defendant, and Defendant possesses the right to value claims differently from those asserting claims under the policy without facing bad faith liability.

---

[3] TEX. BUS. & COMM. CODE, §17.50 *et. seq.*
[4] TEX. INS. CODE Chapter 541.
[5] *See, e.g., Mid Century v. Boyte*, 80 S.W.3d 546 (Tex. 2002); *Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48 (Tex. 1997); *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *Republic Ins. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *National Union Fire Ins. Co. v. Dominguez*, 873 S.W.2d 373 (Tex. 1993); *Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d 129 (Tex. 1988); *Aranda v. Insurance Company of North America*, 748 S.W.2d 210, 213 (Tex. 1988) (overruled in part on other grounds by *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012)).

Defendant will show that a *bona fide* controversy existed regarding the alleged covered loss, the causes of Plaintiffs' alleged damages, and/or whether Plaintiffs are entitled to assert a claim under the policy at all.

43. **Damage Limitation.** Plaintiffs' damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable insurance policy. Plaintiffs' contractual damages cannot exceed the applicable policy limits.

44. **Concurrent Causation.** Under the doctrine of concurrent causes, an insured's recovery is limited to the amount of damage caused by a covered peril. In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril. Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage attributable to the non-covered peril is a coverage issue on which the insured bears the burden of proof. Plaintiffs are required, for example, to establish the extent of the property damage repairs which are solely attributable to the claimed leak separate and apart from conditions caused by prior water leaks, normal wear and tear and age of the property.

45. **Loss In Progress and Fortuity Doctrines Limit Coverage**. Any losses or damages occurring or commencing to occur prior to the inception of Plaintiffs' insurance policy issued by Defendant are excluded from coverage, as a matter of law, pursuant to the insurance doctrines of Loss In Progress and Fortuity.[6] Although damages might continue to accrue into the policy period,

---

[6] "Insurance coverage is precluded where the insured is or should be aware of an ongoing progressive or known loss at the time the policy is purchased." *Scottsdale Ins. Co. v. Travis*, 68 S.W.3d 72, 75 (Tex. App.—Dallas 2001, pet. denied) (*citing Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 502 (Tex. App.—Houston [14th Dist.] 1995, no writ)); *Burch v. Commonwealth Mut. Ins. Co.*, 450 S.W.2d 838, 840 (Tex.1970) ("A person may not, with knowledge of a loss, transfer the risk from one company to another or make a contract by accepting a policy issued under such circumstances that he was under no obligation with respect thereto."); see also *Guidry v. Envtl. Procedures, Inc.*, 388 S.W.3d 845, 855 n.8 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Colony Nat. Ins. Co. v. Unique Indus. Prod. Co.*, 487 Fed. Appx. 888, 893 (5th Cir. 2012).

the occurrence required to trigger coverage takes place when the damages first manifest themselves. If the damages first commence occurring prior to the policy period, coverage is precluded for the full extent of the damages.[7]

46. **Credit/Offset.** In the event Plaintiffs prevail on all or part of the claims against Defendant, Defendant is entitled to a credit for all amounts already paid by any party or entity to Plaintiffs for the damages that are the subject of this suit. Defendant is entitled to a credit or offset for all policy benefits paid to Plaintiffs for the claims under the policy.

47. **Preclusion and/or Tolling of Insurance Code Chapter 542 Penalties**. Plaintiffs' own delays, actions, and omissions in prosecuting this action—which should not inure to Plaintiffs' financial benefit—may have waived or tolled the accrual of penalty interest under TEXAS INSURANCE CODE Chapter 542. Under equitable principles, Plaintiffs have waived, forfeited, is estopped from asserting, and has otherwise relinquished entitlement to the 18% penalty interest under TEXAS INSURANCE CODE Chapter 542 or any other delay or time-based penalty or interest due to Plaintiffs' own discretionary delays and inaction in pursuing relief. Further, the above failures may constitute an additional failure of conditions precedent to recovery under Insurance Code Chapter 542, resulting in Plaintiffs' waiver of any right to recover 18% interest under Chapter 542 of the Texas Insurance Code, or, in the alternative, estoppel from enforcing any such penalties. Plaintiffs have tolled or rendered inapplicable any deadlines triggering such penalties, by failing to timely notify Defendant in writing of the basis for Plaintiffs' assertion that additional monies are due on the insurance claim, by failing to provide Defendant any information or items that would allow Defendant to establish final proof of loss of any covered damage beyond that

---

[7] *Two Pesos*, 901 S.W.2d at 501 (holding any other result would "contravene the rule that an insured cannot insure against something which has already begun"); *Summers v. Harris*, 573 F.2d 869, 872 (5th Cir. 1978) (holding that where damage has begun to occur, no part of the loss may be insured against).

previously identified, or by failing to notify Defendant that Plaintiffs believed additional investigation or payments were required in order to fully compensate Plaintiffs for an allegedly covered loss.

48. **Punitive/Exemplary Damages Improper and Subject to Limitation.** To the extent Plaintiffs pray for punitive/exemplary damages against Defendant Allstate, assessment of punitive damages is improper because Plaintiffs have failed to plead any predicate authorizing the recovery of punitive damages. Allstate further asserts the defense that any award of punitive or exemplary damages would violate the excessive fines clause of the Eighth Amendment of the United States Constitution; any award of punitive or exemplary damages based upon vague, undefined standards of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution; and that punitive damages are a form of punishment imposed by the Court, and the standard of proof to sustain such damages must be clear and convincing evidence to comport with the due process clause of the Fourteenth Amendment of the United States Constitution, § 19 of the Constitution of the State of Texas or the Constitution and laws of any other state deemed to apply in this case. Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of §§ 41.002–.009 of the Texas Civil Practice and Remedies Code.

49. **Payment and One Satisfaction Rule; Election of Remedies.** Plaintiffs' claims have been properly investigated, adjusted, and evaluated. Plaintiffs have been reasonably compensated, if any, for the damages submitted which resulted from direct physical loss or damage proximately caused by a covered loss. Plaintiffs are only entitled to one satisfaction or recovery for the

damages, if any exist. To the extent Plaintiffs have pleaded alternative theories of recovery for a single injury, Plaintiffs must elect a single remedy to the extent any damages are awarded.

50. **Responsibility of Others.** Pursuant to Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Allstate is entitled to a credit or appropriate offset for: (a) any damages or losses attributable to the conduct, products, and breaches of third parties; and (b) any amounts paid in settlement by or on behalf of such third parties.

51. **Plaintiffs are Precluded from Attorney's Fee Recovery.** Plaintiffs failed to make a pre-suit demand which complied with the requirements of the Texas Insurance Code, the DTPA, or Section 38.001 of the Texas Civil Practices and Remedies Code in that it failed to apprise Allstate of Plaintiffs' specific complaints and the amount of damage, mental anguish damages, expenses, and attorney's fees sought. For these reasons, Plaintiffs are precluded from recovering attorney's fees and expenses in this matter.

52. **Failure to State a Claim.** Plaintiffs' causes of action against Defendant Allstate are barred, either in whole or in part, due to the failure to state a claim upon which relief can be granted. Specifically, Plaintiffs have failed to sufficiently describe a cause of action for Allstate's alleged breach of contract, fraud, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act.

53. **No Independent Injury.** Plaintiffs are not entitled to extracontractual damages because they neither pleaded nor have evidence of an independent injury arising out of an extreme act or omission by Defendant.

54. **Liability Insufficient to Trigger Statutory Payment**. Plaintiffs are not entitled to any payment from Defendant because, under the Texas Insurance Code, liability has never been admitted and liability has never been adjudicated against Defendant.

55. **Failure to Mitigate/Contribution**. Plaintiffs are barred from recovering any damages from Allstate, in whole or in part, due to Plaintiffs' failure to mitigate the alleged damages and contribution to the alleged damages.

56. Defendant demands a jury. A jury has been demanded in this case and Plaintiffs affirmatively represented in Plaintiffs' Original Petition that the jury fee was tendered with the Original Petition.

## II.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that, upon final trial and hearing, Plaintiffs take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself justly entitled, both in law and at equity.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ Michael W. McCoy*
       **Christopher W. Martin**
       State Bar No. 13057620
       E-mail: martin@mdjwlaw.com
       **Michael W. McCoy**
       State Bar No. 13471850
       E-mail: mccoy@mdjwlaw.com
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2024, I served the following counsel of record electronically or by other manner authorized by the Federal Rules of Civil Procedure:

|  |  |
|---|---|
| Matthew S. Russo | ***Via ECF:*** |
| Shaun W. Hodge | *mrusso@hodgefirm.com* |
| THE HODGE LAW FIRM, PLLC | *shodge@hodgefirm.com* |
| 1301 Market Street |  |
| Galveston, Texas 77550 |  |

        */s/ Michael W. McCoy*
        Michael W. McCoy